IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARBARA ANN NICHOLSON,	:

   Plaintiff,	:
                                                       CIVIL ACTION NO.
   v.	:
                                                      1:10-cv-00795-JEC-AJB
ONEWEST BANK,	:

   Defendant.	:

**MOTION FOR A TEMPORARY RESTRAINING ORDER
AND/OR PRELIMINARY INJUNCTION WITH
AMENDED BRIEF IN SUPPORT**

COMES NOW, Plaintiff, and pursuant to Fed. R. Civ. Pro. 65 moves this Court for a temporary restraining order and/or preliminary injunction enjoining the foreclosure now set for May 4, 2010.

                                             Respectfully submitted,

                                             /s/ Ralph Goldberg
                                             Ralph Goldberg
                                             Ga. Bar No. 299475
                                             Attorney for Plaintiff

Goldberg & Cuvillier, P.C.
755 Commerce Drive, Ste. 600
Decatur, GA 30030
(404) 378-7700
(404) 378-7708 FAX

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARBARA ANN NICHOLSON, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | | 1:10-cv-00795-JEC-AJB |
| ONEWEST BANK, | : | |
| Defendant. | : | |

**AMENDED BRIEF IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER**

**I.  Introduction**

There are a number of problems with the threatened foreclosure by OneWest. They are

1) The note which was owned by American Mortgage Express Corp. has not been transferred;

2) The note and the mortgage have been split and thus any assignment is a nullity;

**II.  There Has Been No Assignment of the Original Note**

The original note (Exhibit A) says that the lender is American Mortgage Express Corp. There is no record of any assignment of the note

thereafter. On Exhibit B, MERS purported to make an assignment to IndyMac Federal Bank FSB of the security deed

> and also the indebtedness described in said Deed and secured thereby, <u>the notes evidencing said indebtedness having this day been transferred and assigned to the said Assignee</u> together with all of Assignor's right, title and interest in and to the said Deed, the property therein described and the indebtedness secured; and the said Assignee is hereby subrogated to all the rights, powers, privileges and securities vested in Assignor under and by virtue of the aforesaid Security Deed or Deed to Secure Debt.

(emphasis added).

There is no other transfer of record. There is no proof of any transfer of the note from the original lender to MERS. See HSBC Bank USA, Nat. Assoc. v. Miller, 889 N.Y.S.2d 430, 430-432 (N.Y. Sup. 2009). It is only the holder of the negotiable instrument who has the right to foreclose. See Restatement (Third) of Property, Mortgages § 5.4 p. 380; In re Shelter Development Group, Inc., 50 B.R. 588 (S.D. Fla. 1985) (Bank); Dasma Investments, LLC v. Realty Associates Fund III, L.P., 459 F. Supp. 2d 1294, 1301 (S.D. Fla. 2006).

Professor Alexander, Real Estate Finance and Foreclosure Law (2009-2010) 3.7(c), takes a slightly different position

> When the note is transferred without an assignment of the security deed, the new holder of

> the note has the option of suing under the note but not pursuing remedies under the security deed. The holder of a security deed may not be able to pursue foreclosure upon the debtor's default if that party cannot establish that it is also the holder of the note.

He cites Harwood v. Great American Management and Inv., Inc., 156 Ga. App. 22 (1980) and Sammons v. Nabers, 184 Ga. 269 (1937).[1]

It seems clear that absent the note, the Defendant herein cannot foreclose.

### III. The Splitting of the Note and Mortgage Rendered the Mortgage a Nullity

Long ago, the United States Supreme Court observed in Carpenter v. Logan, 83 U.S. 271 (1872)

> The note and mortgage are inseparable; the former as essential, the latter as incident. As assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.

Id. at 24. See the discussion in In re Vargas, 396 B.R. 511, 516-517 (S.D. Cal. 2008) (Bank); In re Leisure Time Sports, Inc., 194 B.R. 859 (9th Cir. BAP 1996). See also The D.B. Steelman, 48 Fed. 580 (E.D. Va. 1880).

---

[1] It should be noted that Sammons is a case where nonjudicial foreclosure was not involved. There is also a case cited by the Restatement (Third) of Property, supra, where nonjudicial foreclosure was not involved. Rembert v. Ellis, 193 Ga. 60 (1941). In each case the Plaintiff proceeded in equity.

4

There is of course, a corollary to Carpenter's holding.

In Merritt v. Bartholick, 36 N.Y. 44 (1867), the New York Court of Appeals noted

> As a mortgage is but an incident to the debt which it is intended to secure… the logical conclusion is, that the transfer of the mortgage without the debt, is a nullity, and no interest is assigned by it.

Accord Honore v. Wilshire, 1884 WL 9777 (Ill. 1884); Noyes v. White, 9 Kans. 640 (Kans. 1872); Ellison v. Daniels, 11 N.H. 274 (1840); Pope v. Jacobus, 10 Ia. 262 (1859); Hough v. Osborne, 7 Ind. 140 (1855).

The principles of Merritt v. Bartholick continue to be controlling. U.S. Bank N.A. v. Adrean Collymore, 890 N.Y.S.2d 578 (N.Y.A.D. 2009). "It has long been held that a ''mortgage is only an incident to the debt it was going to secure and cannot be separated therefrom […]''" Northstream Investments, Inc. v. 1804 Country Store Co., 697 N.W.2d 762, 766 (S.D. 2005). Or as phrased in HSBC Bank supra, "The security cannot be separated from the debt, and exist independently of it," citing MERS Corp. Inc. v. Romaine, 861 N.E.2d 81 (N.Y. Ct. App. 2006) (concurring).

Had the security deed read

> Borrow appoints Lender <u>and its agents</u> the agent and attorney-in-fact for Borrower to exercise the power of sale

there would be one less problem with the foreclosure.

5

There is, of course, one other problem herein. Defendants have separated the debt from the security deed.

In <u>Andrews v. Commissioner of the Internal Revenue</u>, 38 F.2d 55 (2nd Cir. 1930), Judge Learned Hand explained

> The books do not, so far as we have found, explain why the transfer of a pledge without the debt is abortive, perhaps because the reason is obvious. At any rate, a little reflection proves that this must be true. Thus, in the case at bar, although the donee became by hypothesis possessed of the donor's interest in the pledge, she could not use it to her advantage, whatever happened. When the note became due, the make for his protection must pay the donor, who still held it and remained the obligee. Payment would, however, extinguish the lien, and with it the only interest of the donee, who would at once become liable for their return. Nor could she insist upon the donor's paying her the proceeds of the note, since the note had never been given her. Similarly, if the donor sought to enforce the note, she could do so; but the maker, being compelled to pay, could again insist upon the surrender of the pledge, and the donee could not resist his demand. On the other hand, though the donee foreclosed the pledge upon default, since it was made only as security, the pledgor could insist that the proceeds of the sale should extinguish the note, else he would still have it to pay, which was not according to the tenor of the contract. Thus, in no event could the donee secure any benefit from the gift, and the donor remained the only person who had any beneficial interest in either debt or pledge; the gift was a nullity.
>
> In <u>McHugh v. O'Connor</u>, 91 Ala. 243, 9 So. 165, the mortgagee had given back the mortgage to the

mortgagor, but had failed to include the note. In a suit quia timet by a devisee of the mortgagor against the mortgagee's executor, it was held that the gift of the mortgage was a nullity and the bill was dismissed. In Wilson v. Carpenter, 17 Wis. 512, the mortgagee had given the mortgage to the plaintiff's assignor without the note, which the mortgagor had later paid. This was held to extinguish the mortgage. It has been often held that a transfer of the security, not by gift, is effectual. Van Eman v. Stanchfield, 13 Minn. 75 (Gil. 70); Johnson v. Clarke (N.J. Err. & App.) 28 A. 558; Sanford v. Kane, 133 Ill. 199, 24 N.E. 414; 8 L.R.A. 724, 23 Am.St.Rep. 602; Cleveland v. Cohrs, 10 S.C. 224; Pope v. Jacobus, 10 Iowa, 262; Swan v. Yaple, 35 Iowa, 248; Edgell v. Stanford, 3 Vt. 202; Morgan v. Smith American Organ Co., 73 Ind. 179; Merritt v. Bartholick, 36 N.Y. 44; Century Holding Co. v. Ebling Brewing Co. (App. Term, Sup. Ct.) 167 N.Y.S. 52.

Similarly, in In re Brager, 39 BR 441 (E.D. Pa. 1984) (Bank) the

Court noted

> On the closely related topic of the separation of a mortgage and underlying debt, the rule was well summarized over a hundred years ago as follows:
>
> As a mortgage is but an incident to the debt which it is intended to secure, the logical conclusion is, that a transfer of the mortgage without the debt is a nullity, and no interest is acquired by it. The security cannot be separated from the debt and exist independently of it. This is the necessary legal conclusion and is recognized as the rule by a long course of judicial decisions ... for the legal maxim is, the incident shall pass by the grant of the principal, but not the principal by the grant of the incident.

Merritt v. Bartholick, 36 N.Y. 44 (1867); Philips v. Bank of Lewistown, 18 Pa. 394, 403 (1852).  A transfer of only the underlying debt also effects as a matter of law the conveyance of the equitable right to the accompanying security interest, notwithstanding the absence of formal assignment or delivery of the interest.  3 Powell on Real Property § 455, at p. 696 (1981); 4 American Law of Property § 16.108, at pp. 255-57 (Casner ed. 1952); 5 Tiffany, The Law of Real Property § 1449, at pp. 423-27 (1939).

See also Bellistri v. Ocwen Loan Servicing LLC, 284 S.W.3d 619, 623-624 (Mo. App. 2009); Landmark Nat. Bank v. Kesler, 216 P.3d 158, 167 (Kans. 2009); In re Wilhelm, 407 B.R. 392, 405 (D. Ida. 2009) (Bank); Jackson v. MERS, 770 N.W.2d 487, 494 (Minn. 2009); Columbus Investments v. Lewis, 48 P.3d 1222, 1226 (Colo. 2002); In re Vargas, 396 B.R. 511, 516-517 (C.D. Cal. 2008); In re Bird, 2007 WL 2684265 (D. Md. 2007) (slip at 4); Prime Financial Services LLC v. Vinton, 761 N.W.2d 694 (Mich. App. 2008); UMLIC VP LLC v. Matthias, 234 F. Supp. 2d 520, 523 (D.V.I. 2002).

## IV. Plaintiff is Entitled to a TRO

Since the FDCPA does not provide for injunctive relief, Plaintiffs have brought this motion for a TRO pursuant to Georgia law.[2] See Roe v. Operation Rescue, 919 F.3d 857, 867 (3rd Cir. 1990) and cases cited; People by Abrams v. Terry, 45 F.3d 17, 23 (2nd Cir. 1995).

The Eleventh Circuit standards governing a TRO are the same as those for a preliminary injunction. Dell, Inc. v. Belgreen Domains, LLC, 2007 WL 6862342 (S.D. Fla. 2007). Such standards were set out in State of Texas v. Seatrain Intern, S.A., 518 F.2d 175, 180 (5th Cir. 1975)

> No matter how severe and irreparable an injury one seeking a preliminary injunction may suffer in its absence, the injunction should never issue if there is no chance that the movant will eventually prevail on the merits. Nor is there need to weigh the relative hardships which a preliminary injunction or the lack of one might cause the parties unless the movant can show some likelihood of ultimate success. Obviously, it is inequitable to temporarily enjoin a party from undertaking activity which he has a clear right to pursue. However, one appealing to the conscience of the chancellor to maintain the status quo pending final decision, although he carries a burden, is not required to prove to a moral certainty that his is the only correct position. The prerequisite, as an absolute, is more negative than positive: one cannot obtain a preliminary injunction if he clearly will not prevail on the

---

[2] Plaintiff has alleged an attempted wrongful foreclosure. See Ingram v. JIK Realty Co. Inc., 199 Ga. App. 335, 338 (1991); Crawford v. Grump, 223 Ga. App. 119 (1996).

> merits; however, that he is unable, in an abbreviated proceeding, to prove with certainty eventual success does not foreclose the possibility that temporary restraint may be appropriate. In its negative sense, the factor is critical; but viewed positively, the importance and nature of the requirement can vary significantly, depending upon the magnitude of the injury which would be suffered by the movant in the absence of interlocutory relief and the relative balance of the threatened hardship faced by each of the parties. Canal Authority, supra. This is so because, as we have noted, none of the four prerequisites has a fixed quantitative value. Rather, a sliding scale is utilized, which takes into account the intensity of each in a given calculus. Siff v. State Democratic Executive Committee, 500 F.2d 1307 (5th Cir. 1974).

See Siegel v. LaPore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc); Fla. Med. Ass'n v. HEW, 601 F.2d 199, fn. 2 (5th Cir. 1979). Accord Collins & Co. General Contractors, Inc. v. Clayton, 476 F. Supp. 407 (N.D. Ga. 1979).

As pointed out above, there is a substantial likelihood of Plaintiff prevailing on the merits. Since property is unique, Plaintiff will suffer irreparable injury if the foreclosure proceeds. The injury to Plaintiff outweighs any injury to Defendant and the public interest is against a wrongful foreclosure.[3]

---

[3] There is no issue of tender because no money is owed to OneWest, as it has not ability to foreclose for reasons set out above. See Massey v. National Homeowners Sales Service Corp., 225 Ga. 95, 99 (1969), "On order to set aside the sale on any ground asserted by the pleadings other than the lack of authority to make the deed…[proper tender is necessary]." This is but an example of cases exemplified by Sapp v. ABC

The TRO should issue.

Respectfully submitted,

/s/ Ralph Goldberg
Ralph Goldberg
Ga. Bar No. 299475
Attorney for Plaintiff

Goldberg & Cuvillier, P.C.
755 Commerce Drive, Ste. 600
Decatur, GA 30030
(404) 378-7700
(404) 378-7708 FAX

---

Credit & Investment Co., 243 Ga. 151, 158 (1979) where no tender is required because no money is due this Defendant.

# **CERTIFICATE OF SERVICE**

This is to certify that on this day counsel of record for the opposing party in the foregoing matter was served with a copy of this document by depositing in the United States Mail copies of the same in properly addressed envelopes with adequate postage thereon or by notification of electronic filing.

Terry Laughlin
Chief Executive Officer and President
OneWest Bank
888 East Walnut Street,
Pasadena, CA 91101

John Andrle
McCurdy & Candler, L.L.C.
250 E. Ponce De Leon Avenue, Suite 600
Decatur, GA 30031

This 13th day of April, 2010

/s/ Ralph Goldberg
Ralph Goldberg
Attorney for Plaintiff

Goldberg & Cuvillier, P.C.
755 Commerce Drive, Ste. 600
Decatur, GA 30030
(404) 378-7700
(404) 378-7708 FAX