# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **BARBARA ANN NICHOLSON,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:10-CV-0795-JEC/AJB** |
| **v.** | : | |
| | : | |
| **ONEWEST BANK,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER FOR SERVICE OF
## <u>REPORT AND RECOMMENDATION</u>

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. **However, at the hearing on Plaintiff's motion for a TRO, the Court indicated that due to the impending foreclosure sale, the Court would shorten the time for objections to be filed. Although the parties did not expressly consent to this**

AO 72A
(Rev.8/8
2)

statement, *compare United States v. Nuyens*, 17 F. Supp. 2d 1303, 1311 (M.D. Fla. 1998) (where parties agreed to a shortened period of time to file objections to the R&R), **THE PARTIES SHALL HAVE UNTIL 5:00 PM ON APRIL 28, 2010, IN WHICH TO FILE OBJECTIONS, SO THAT THE DISTRICT COURT MAY HAVE SUFFICIENT TIME TO RULE ON ANY OBJECTIONS.**  Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.   If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this ___20th___ day of _April_, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/8
2)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **BARBARA ANN NICHOLSON,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:10-CV-0795-JEC/AJB** |
| **v.** | : | |
| | : | |
| **ONEWEST BANK,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S
ORDER AND NON-FINAL REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's Motion and Amended Motion for Temporary Restraining Order and Motion for Preliminary Injunction, [Docs. 6 and 7], and Motion to Allow Filing of Affidavit. [Doc. 8]. For the reasons discussed below, the Court **RECOMMENDS** that Plaintiff's motion and amended motion for a temporary restraining order be **DENIED**. Plaintiff's motion to allow filing of affidavit is **GRANTED**.

*Introduction*

On March 19, 2010, Plaintiff filed, *inter alia*, a motion for temporary restraining order ("TRO") in the above-captioned case to prevent Defendant from foreclosing on her property located at 1879 Tobey Road, Atlanta, Ga. 30341 ("the Tobey Road

AO 72A
(Rev.8/8
2)

property"), on May 4, 2010.  [Doc. 4].  Thereafter, Plaintiff withdrew her motion for a TRO.  [Doc. 5].  Approximately ten days later, on April 6, 2010, Plaintiff filed a motion for a TRO and preliminary injunction, which she amended on April 13, 2010.  [Docs. 6 and 7].  Also on April 13, 2010, Plaintiff filed a Motion to Allow for the Filing of an Affidavit.  [Doc. 8].  The Court scheduled a hearing on Plaintiff's motion for a TRO for April 19, 2010.  [Doc. 10].  It does not appear that Defendant has been served in the present action.  [*See* Dkt.].  The Court notified counsel for the Defendant of the April 19 hearing.  [Doc. 10].

*Discussion*

    A.    *Plaintiff's Motion to Allow Filing of Affidavit, [Doc. 8]*

Plaintiff argues that she should be allowed to file an her affidavit which supports her motion for a TRO.  [Doc. 8 at 2].  The affidavit Plaintiff wishes to submit states that she is over the age of 18 that she verifies that the facts presented in her motion for a TRO are true and correct to the best of her knowledge.  [Doc.8-2[1]].  Plaintiff's motion is **GRANTED**.  The Clerk is **DIRECTED** to file Plaintiff's affidavit in support of her motion for a TRO, [Doc. 8-2], as a separate document in this case.

---

[1]    All document and page references are to the CM/ECF document and page numbers appearing at the header of each page as filed with the Clerk's Office.

2

B.      *Motion and Amended Motion for a TRO, [Docs. 6 and 7]*

1.      *Contentions of the parties*

Plaintiff argues that Defendant OneWest Bank ("OneWest") is not entitled to foreclose on her property because there has been no assignment of the original note from American Mortgage Express Corporation ("American Mortgage") to any other party.   [Doc. 7 at 2-3].   Plaintiff does acknowledge that Mortgage Electronic Registration Systems, Inc ("MERS") "purported" to make an assignment of the security deed to IndyMac Federal Bank FSB, but argues that there is no other transfer of record. [*Id*. at 3].   Second, Plaintiff argues that the splitting of the mortgage and the note rendered the mortgage a nullity. [*Id*. at 4-8].   Third, Plaintiff argues that she is entitled to a TRO because there is a substantial likelihood that she will prevail on the merits and that because the property is unique, she will be irreparably damaged if the foreclosure occurs.  [*Id*. at 10].

In addition, at the TRO hearing, Plaintiff argued that the FDIC did not assign the security deed to OneWest until March 16, 2010, and therefore any notice of foreclosure received before that date was in violation of O.C.G.A. § 44-14-162.2.  Finally, Plaintiff argued that Fannie Mae's website shows that it is the true holder of the note, and therefore, Defendant cannot foreclose on Plaintiff's property.

3

At the hearing, Defendant responded that a TRO should not issue because Plaintiff has put forth no security and never tendered the money to bring the note current.  Defendant also argued that O.C.G.A. § 44-14-162(b) does not require the assignment of the note to be conveyed at the time of the notice of the sale, but merely when the sale occurs.  Next, Defendant argued that Plaintiff was collaterally estopped from attacking its right to foreclose because Plaintiff did not object to the Bankruptcy Court modifying the automatic stay to allow Defendant to foreclose on the property.  Finally, Defendant argued its documents show that the note and the mortgage are both held by OneWest, and therefore, it is entitled to foreclose on Plaintiff's property.

2.    *Standard for granting injunctive relief*

A plaintiff seeking a temporary restraining order under FED. R. CIV. P. 65(b) must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if relief is not granted; (3) that the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) that entry of relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).  The same factors are considered whether deciding a temporary restraining order or a preliminary injunction.  *Schiavo*, 403 F.3d at 1225.  Preliminary injunctive relief is a drastic and extraordinary remedy which should not be granted

4

unless the movant can clearly establish each of the four elements. *Four Seasons Hotels and Resorts v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003); *see also Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001).

### 3.   *Discussion*

As Plaintiff conceded at the hearing, her FDCPA claim affords her no right to injunctive relief. *Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir. 1982) (holding that "equitable relief is not available to an individual under the civil liability section of the [FDCPA]"). Accordingly, Plaintiff is entitled to a TRO, if at all, on her state law claim of attempted wrongful foreclosure. *See Sale City Peanut & Mill. Co. v. Planters & Citizens Bank*, 130 S.E.2d 518, 520, 107 Ga. App. 463, 465 (1963) (recognizing attempted foreclosure cause of action).

Although no Georgia cases explicitly set out the elements of an attempted wrongful foreclosure, and Plaintiff has not illuminated the Court as to what those elements are, Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages. *All Fleet Refinishing, Inc. v. West Georgia Nat. Bank*, 634 S.E.2d 802, 807, 280 Ga. App. 676, 681 (2006); *Heritage Creek Dev. Corp. v. Colonial Bank*,

AO 72A
(Rev.8/8
2)

601 S.E.2d 842, 844, 268 Ga. App. 369, 371 & n.4 (2004) (citing *Calhoun First Nat. Bank v. Dickens*, 443 S.E.2d 837, 264 Ga. 285, 286 (1994)).  " 'A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose.' " *DeGoyler v. Green Tree Servicing, LLC*, 662 S.E.2d 141, 147, 291 Ga. App. 444, 448 (2008) (quoting *Brown v. Freedman*, 474 S.E.2d 73, 222 Ga. App. 213, 214 (1996)).  The Court therefore assumes that a party states a claim of attempted wrongful foreclosure under Georgia law where a creditor attempts to foreclose when it has no legal right to foreclose.

The gist of Plaintiff's argument in favor of enjoining the scheduled foreclosure is that OneWest is not the holder of the note originally executed by her in favor of American Mortgage and is not owed any money by Plaintiff.  Therefore, she argues, OneWest's attempted foreclosure is unlawful.

The Court rejects Plaintiff's arguments.  The evidence before the Court demonstrates that on February 23, 2007, Plaintiff granted American Mortgage a security deed ("the Security Deed") in the Tobey Road property in order to secure an interest-only period fixed rate note in the amount of $172,000 ("the Note").  (Security Deed attached to Doc. 1-2 at 7-16; Note attached at Doc. 9-3 at 5-6).  The Security Deed secured to the lender (American Mortgage) the repayment of the Note and the

performance of all of the borrower's (Nicholson's) covenants and agreements under the Security Deed. Security Deed in Doc. 1-2 at 8. Under the Security Deed, Nicholson "grant[ed] and convey[ed] to MERS (solely as nominee of Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale," the Tobey Road property. *Id.* On May 13, 2009, MERS, in a document entitled "Assignment of Note and Security Deed," conveyed to IndyMac Federal Bank FSB ("IndyMac") the Security Deed and the Note. [*See* Doc. 1-2 at 20-21].

On March 16, 2010, the FDIC, as receiver for IndyMac,[2] in an Assignment of Security Deed, assigned to OneWest

> that certain Security Deed or Deed to Secure Debt executed by Barbara A. Nicholson to Mortgage Electronic Registration Systems, Inc. and dated February 23, 2007, . . . together with the real property therein described; *and also the indebtedness described in said Deed and secured thereby,* having this day been transferred and assigned to the said assignee together with all of the Assignor's right, title and interest in and to the said Deed, the property therein described and the indebtedness secured; . . . .

---

[2]     On July 11, 2008, IndyMac was closed by the Office of Thrift Supervision (OTS) and the FDIC was named Conservator. On March 19, 2009, the FDIC completed the sale of IndyMac to OneWest, a newly formed federal savings bank organized by IMB HoldCo LLC. All deposits of IndyMac were transferred to OneWest. FDIC Failed Bank Information, http://www.fdic.gov/bank/individual/failed/IndyMac.html (last visited Apr. 20, 2010).

7

[Doc. 9-3 at 11-12 (emphasis supplied)].   The instrument was filed in the DeKalb County Superior Court Clerk's Office on March 29, 2010.  [*Id.* at 9].  This document demonstrates strong evidence that OneWest holds both the Security Deed under which it may exercise the power of sale and the Note which Plaintiff does not contest that she has not paid and is in default.  *See* p. 13 *infra*.

Plaintiff makes two arguments why this instrument does not grant OneWest the right to foreclose on her property.  First, she argues that Fannie Mae actually is the holder of the note because its website, under the heading "Does Fannie Mae Own Your Mortgage?" indicates "Match Found" as to Plaintiff's residence.  [*See* Doc. 9-2].  Even assuming that the printout from Fannie Mae's website is admissible, the Court concludes that such evidence does not meet Plaintiff's high burden of persuasion in establishing her entitlement to immediate injunctive relief.  While the printout does show that Fannie Mae may at one time have had some sort of interest in Plaintiff's mortgage, the information on the website also states as follows:

> The Fannie Mae Loan Lookup is provided as a convenience for borrowers. *Fannie Mae makes no representation or completeness of the results.* . . You should contact your mortgage lender to verify these results.

[*Id*. (emphasis added)].   Therefore, such evidence is insufficient to overcome Defendant's showing that it  holds both the note and security deed to Plaintiff's

8

property, which has been recorded in the Superior Court of DeKalb County, [Doc. 9-3],

and is therefore entitled to proceed with the May 4 foreclosure sale.

Second, Plaintiff contends that the "splitting" of the mortgage and the note

rendered the mortgage a nullity. In her brief, Plaintiff argues that the mortgage and the

note are inseparable and must be transferred together. Essentially, Plaintiff is arguing

that American Mortgage rendered Plaintiff's mortgage unenforceable when it initially

transferred the security deed, but not the mortgage to MERS. However, the nominee

of the lender has the ability to foreclose on a debtor's property even if such nominee

does not have a beneficial interest in the note secured by the mortgage. *Morgera v.*

*Countrywide Home Loans, Inc*, No. 2:09-cv-1476-MCE-GGH, 2010 WL 160348, *8

(E.D. Cal. Jan 11, 2010) (citing *Trent v. Mortgage Elec. Registration Sys., Inc.*,

288 Fed. Appx. 571 (11th Cir. 2008)). Here, assuming that the Security Deed and the

Note were separated initially when American Mortgage transferred the Security Deed

to MERS, Defendant now retains possession of both instruments. [Doc. 9-3 at 9-10].[3,4]

---

[3] In fact, it appears it appears that MERS was the holder of both the security
deed and the note when it assigned both to IndyMac. [Doc. 9-3 at 11].

[4] Also, it appears from the hearing that OneWest, through its counsel, holds
the Note. The Note is a bearer obligation. [*See* Doc. 9-3 at 5].

9

Thus, to the extent there was any problem regarding the separation of the Security Deed from the Note, such defect has been cured by Defendant.[5]

Therefore, the Court finds that OneWest is lawfully entitled to foreclose on Plaintiff's property.  That is the sole argument Plaintiff makes in support of her claim that OneWest's scheduled foreclosure is contrary to law.   Since she has not

---

[5]      The Court notes that the case law cited by Plaintiff to support her position that the splitting of the security deed and the note rendered the security deed a nullity are inapplicable to the present case.  First, the Court notes that Plaintiff has merely listed a long list of string citations without any explanation as to why these cases are applicable to the present case.  Second, although not obligated to do so, the Court's review of these cases shows that *Carpenter v. Logan*, 83 U.S. 271 (1872), concerns a loan that had not yet matured and not a home mortgage in default as in the present case.

Next, *In re Vargas*, 396 B.R. 511 (Bankr. C.D. Cal. 2008); *In re Leisure Time Sports, Inc.*, 194 B.R. 859 (9th Cir. 1996); *Merritt v. Bartholick*, 36 N.Y. 44 (1867); *Honore v. Wilshire*, 1884 WL 9777 (Ill. 1884); *Ellison v. Daniels*, 11 N.H. 274 (1840); *Pope & Slocum v. Jacobus*, 10 Iowa 262 (1859); *Hough v. Osborne*, 7 Ind. 140 (1855); *U.S. Bank N.A. v. Collymore*, 890 N.Y.S.2d. 578 (N.Y.A.D. 2009); *Northstream Investments Inc. V. 1804 Country Store Co.*, 697 N.W. 2d 762 (S.D. 2005); *Andrews v. Commissioner of Internal Revenue*, 38 F.2d 55 (2d Cir. 1930); *In re Brager*, 39 B.R. 441 (Bankr. Pa. 1984); *Bellistri v. Ocwen Loan Servicing LLC*, 284 S.W.3d 619 (Mo. App. 2009); *Landmark Nat. Bank v. Kesler*, 289 Kan. 528, 216 P.3d 158 (2009); *In re Wilhelm*, 407 B.R. 392 (Bankr. D. Idaho 2009); *Jackson v. MERS*, 770 N.W.2d 487 (Minn. 2009); *Columbus Investments v. Lewis*, 48 P.3d 1222 (Colo. 2002); *In re Bird*, No, 03-52010-JS, 2007 WL 26284265 (Bankr. D. Md. Sept. 7, 2007); *Prime Financial Services, LLC v. Vinson*, 761 N.W.2d 694 (Mich. App. 2008); and *UMLIC VP, LLC v. Matthias*, 234 F. Supp. 2d 520 (D.V.I. 2002), all concern questions of state law in other jurisdictions besides Georgia.  *The D.B. Steeman*, 48 F. 580 (E.D. Va. 1880), concerns whether there was a maritime lien on a shipping vessel.  As a result the Court fails to see the relevance or these cases to the present controversy.

demonstrated that OneWest is not entitled to foreclose, she has not clearly shown a substantial likelihood of success on the merits, and therefore is not entitled to injunctive relief.[6]

Similarly, Plaintiff has not made the requisite showing as to the other factors for entry of a TRO. The Court is not unmindful that the impending loss of Plaintiff's home is a serious injury, and that once it is foreclosed upon, there is a strong likelihood that Plaintiff will be dispossessed. In the event the Court is wrong in its conclusions, the "bell cannot be unrung." However, the Court finds that her potential injury under these circumstances does not constitute irreparable injury, because Plaintiff has not been paying the amount due on her mortgage to anyone, whether it be Fannie Mae (which she contends is the rightful creditor) or OneWest. *See* p. 13 *infra*. She has not protected herself by tendering the amount in default to the Clerk of Court. Therefore, any injury she suffers, if she ultimately were to prevail on her contention that OneWest is not the proper party to foreclose upon her residence, can adequately be compensated with damages for being dispossessed from a home in which she has in effect been

---

[6]    To the extent that Plaintiff argues that OneWest could not seek to foreclose prior to receiving the assignment on March 16, 2010, and filing it on March 29, 2010, none of her papers or arguments at the hearing reflects if OneWest advertised the foreclosure or gave notice to her of the impending sale in violation of O.C.G.A. § 44-14-162.2.

11

living rent-free.  *See eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (holding

that in order to warrant injunctive relief, a party must show that remedies available at

law, such as monetary damages, are inadequate to compensate for that injury).  As a

result, any threatened injury does not outweigh any harm relief would inflict on

OneWest, since it has the right to foreclose on the property under the Security Deed and

the payments under the Note according to the documents on file with the DeKalb

County Superior Court Clerk.  Finally, Plaintiff has not made any argument, much less

presented any evidence, admissible on a merits hearing or otherwise, that entry of relief

would serve the public interest.  To the extent that she argues that there are many

properties where the financial institution is not entitled to foreclose since it does not

possess the note underlying the security deed, Plaintiff's has made an inadequate

evidentiary showing to support such a contention.

The Court also concludes that three other grounds cast serious doubt on the

Plaintiff's ability to contest the scheduled foreclosure in this case.  First, Plaintiff

cannot enjoin the upcoming May foreclosure sale because she has not paid the full

amount due to bring the Note current.  Under Georgia law, "[a] borrower who has

executed a deed to secure debt is not entitled to enjoin a foreclosure sale unless he first

pays or tenders to the lender the amount admittedly due." *Mickel v. Pickett*, 247 S.E.2d

AO 72A
(Rev.8/8
2)

82, 87, 241 Ga. 528, 535 (1978) (citing *Cochran v. Teasley*, 236 S.E.2d 635, 239 Ga. 289 (1977)); *see also Taylor v. Wachovia Mortgage Corp.*, Civil Action File No. 1:07-CV-2671-TWT, 2009 WL 249353, *5 n.6 (N.D. Ga. Jan. 30, 2009) (Thrash, J., adopting R&R of Vineyard, M.J.).   According to Defendant, Plaintiff owes approximately $29,450.00 to bring her loan current.  Plaintiff does not dispute that she owes this amount and that she has not been making her payments.  Instead, she argues that no money is due to OneWest because it does not hold the Note.  Because Plaintiff admits that she has not tendered the money to bring her loan current, she cannot enjoin Defendant from foreclosing on her property.

Second, Plaintiff is prevented from contesting the foreclosure proceeding due to collateral estoppel.  The doctrine of collateral estoppel applies under federal law if the following four factors are met:

> (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*In re Bush*, 232 Fed. Appx. 852, 855 (11th Cir. 2007) (citing *CSX Transp., Inc. v. Bhd. of Maint. of Way Employees*, 327 F.3d 1309, 1317 (11th Cir. 2003) (citation and

13

quotation marks omitted)).  These criteria are met in the present case because the same parties are involved and the same issue was before the Bankruptcy Court when that Court was determining whether to lift the automatic stay to allow the foreclosure to proceed.   Here, the Bankruptcy Court provided relief from the automatic stay specifically to allow Defendant to proceed with the foreclosure.  [*See* Doc. 22 in *In re Nicholson*, No. 09-89061 (Bankr. N.D. Ga. Jan. 28, 2010)].  Plaintiff did not object to the relief sought.  [*Id.*].

Instead, Plaintiff now argues that the Court should not find that she is estopped from contesting OneWest's foreclosure because she did not have all of the facts that would have allowed her to object to the lifting of the automatic stay.  Specifically, Plaintiff argues that she was unaware that Fannie Mae owned Plaintiff's loan.  The Court finds such arguments to be without merit.  Plaintiff has failed to come forward with any reason as to why (1) she could not have raised this argument in the Bankruptcy Court, and (2) this issue was not fully litigated there.  Plaintiff admitted at the hearing before the undersigned that during the pendency of her bankruptcy petition, there were various issues as to who held the Note.  Since Plaintiff was aware of her contentions that OneWest allegedly was not actual Note holder at the time the automatic stay was lifted, her arguments that Defendant is the improper party to

14

proceed with the foreclosure should have been made before the Bankruptcy Court.  The

Bankruptcy Court's Order was not a generic one merely allowing Plaintiff's residence

to be foreclosed upon; it specifically granted OneWest the right to "to proceed to obtain

possession and foreclose the Property."  [*Id.* at 1].  Thus, Plaintiff is estopped from

seeking to enjoin the foreclosure in this Court.[7]

---------------------------------

[7]        Following the hearing, Plaintiff submitted a brief in which she argued that there was no preclusive effect as a result of an order of a stay from bankruptcy. [Doc. 11 at 1].  The Court finds the cases cited by Plaintiff to be distinguishable from the present case.  In *Grella v. Salem Five Cent Saving Bank*, 4 F.3d 26 (1st Cir. 1994), the issue before the court did not involve the Trustee's counterclaims when bankruptcy court decided to lift the automatic stay.  Thus, there was no preclusive effect on these claims as a result of the automatic stay being lifted.  *Id*. at 35.  In the present case, the same cannot be said as the automatic stay was specifically lifted in order for OneWest to go forward with a foreclosure sale.  Therefore, Plaintiff should have raised her arguments about Plaintiff being the improper party to proceed with the foreclosure sale at the hearing to lift the automatic stay.

        The Court also finds that *D-1 Enterprises, Inc. v. Commercial State Bank*, 864 F.2d 36 (5th Cir. 1989); *In re Torco Equipment Co*., 65 B.R. 353 (Bankr. W.D. Ky. 1986); *In re Suggs*, 377 B.R. 198 (Bankr. Mo. 2007); *In re Ken Carpenter RV, Inc.*, 177 B.R. 754 (Bankr. D. N.H. 1995); and *In re Hurst*, 409 B.R. 79 (Bankr. D. Md. 2009), are inapplicable to the present case for the same reasons, i.e. the hearing on the automatic stay concerned matters unrelated to the lifting if the automatic stay.

        Finally, the Court concludes that *In re Martin*, No. 05-14587, 2006 WL 3086361 (Bankr. E.D. Va. Jan. 18, 2006), is distinguishable from the present case because a third party was asserting defenses to the foreclosure.  Because neither the debtor nor the bankruptcy estate had an interest in the property, the bankruptcy court determined relief from the automatic stay was appropriate.  *Id*. at *2.  Here, such is not the case as Plaintiff does have an interest in the property and the stay was lifted in order for the

Finally, under FED. R. CIV. P. 65, the Court may not issue a preliminary injunction or a TRO unless "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c).  Here, Plaintiff has not offered to tender any amount as security for an injunction.  Instead, she argues that the Court may elect not to set a bond at all, citing *Corrigan Dispatch Co. v. Casa Guzman*, 569 F.2d 300 (5th Cir. 1978), and *City of Atltanta v. MARTA*, 636 F.2d 1084 (5th Cir. 1981).  Although the cases cited by Plaintiff do state that a court, in its discretion, may elect to require no security at all before issuing a TRO, Plaintiff has failed to come forward with any evidence to show why security is unnecessary, or what the appropriate amount of security is, since in the present case TRO Plaintiff seeks does not seek to protect the public interest, as, for example, in *City of Atlanta*, 636 F.2d 1084.

As a result, the Court concludes that Plaintiff has failed to meet the requirements for the issuance of a TRO in this matter.

*Conclusion*

For the reasons discussed above, the undersigned **RECOMMENDS** that Plaintiff's Motion and Amended Motion For A Temporary Restraining Order,
_____
foreclosure to proceed.

16

[Docs. 6 and 7], be **DENIED**.  Plaintiff's Motion to Allow Filing of Affidavit, [Doc. 8],

is **GRANTED**.

To the extent counsel for Defendant has not entered his appearance, the Clerk is

**DIRECTED** to serve a copy of this Order on counsel for Defendant whose name and

address is:

> **John D. Andrle**
> **McCurdy & Candler, LLC**
> **Suite 600**
> **250 E. Ponce De Leon Avenue**
> **Decatur, Georgia 30030**

**IT IS SO RECOMMENDED, ORDERED,** and **DIRECTED**, this the 20th day

of April, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

17