UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BARBARA ANN NICHOLSON,

    Plaintiff,

v.

ONE WEST BANK, FSB,

    Defendant.

CIVIL ACTION NO.
1:10-CV-0795-JEC-AJB

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

COMES NOW Defendant OneWest Bank, F.S.B. (hereafter, "OneWest") (hereinafter, OneWest as "Defendant" and with Plaintiff as "Parties"), and in support of its Motion to Enforce Settlement Agreement (the "Motion"), shows the Court as follows:

<u>INTRODUCTION AND STATEMENT OF FACTS</u>

OneWest Bank (including its successors or assigns) is a secured creditor of the Debtor pursuant to a first mortgage Note and Deed. The first mortgage is evidenced by a Promissory Note, dated February 23, 2007, in the original principal amount of $172,000.00. The first mortgage Promissory Note is secured by a Deed executed by Debtor, dated February 23, 2007 which conveying certain property now or formerly known as 1879 Tobey Road, Atlanta, DeKalb County, Georgia (hereinafter, the "Subject Property"). Said Deed is recorded in Deed Book 19727, page 548, DeKalb County, Georgia Records.

On November 2, 2009, the Debtor filed her Chapter 7 Petition through counsel, designated as case 09-89061-MHM. On November 5, 2009, OneWest filed a certain Motion for Relief from Stay seeking to modify the automatic stay so as to allow OneWest to exercise its right to foreclose on the Subject Property subject to the terms of the Note and Deed. (Doc. No. 7). On January 28, 2010, this Court entered its Order granting the Motion for Relief from Stay.

An order discharging the debtor was entered on February 16, 2010 (Doc. No. 24).

On December 15, 2009, the Debtor filed her Complaint for Violation of the F.D.C.P.A. against Defendants, docketed as adversary proceeding no. 09-06751 (hereafter, the "Adversary Proceeding"). In this action, the Debtor raises standing arguments concerning the authority of OneWest and its nominee, MERS, to proceed with a nonjudicial foreclosure sale of the Subject Property, previously scheduled for November 3, 2009. Additionally, the Debtor contends that the issues with standing resulted in violations under the Fair Debt Communications Civil Practice Act., 15 U.S.C. § 1692 et. seq. Defendants' timely filed their Answer to Complaint on January 14, 2010.

On March 19, 2010, Debtor also filed through the same counsel a separate complaint in the District Court for the Northern District of Georgia, 10-cv-00795-JEC-AJB against Defendant OneWest Bank (hereinafter, the "District Court Litigation"). As leveled in this action at bar, Plaintiff argues that OneWest was yet again without the legal authority to exercise the power of sale and foreclosure on the Subject Property resulting in an additional violation of the FDCPA. (See Doc. Nos. 3 & 9.) On April 20, 2010, the Court entered its Order adopting the magistrate court's report and recommendation denying the injunction request and allowing the foreclosure sale to proceed. (Doc. No. 15.)

Subsequent to the denial of the request for emergency injunctive relief, Parties settled this lawsuit. As shown, manifested and memorialized in the drafted settlement agreement (hereinafter, the "Settlement Agreement and Release"), the Parties agreed that both lawsuits would be resolved by the following mechanics:[1]

(1):   Without admitting any liability to the claims leveled by Plaintiff, Defendants

---

[1] The complete terms of the agreed settlement are found in the Settlement Agreement and Release, attached hereto as Exhibit "A". Disclosure of the terms of the settlement is provided as a necessary function of the motion to enforce made with prior approval from opposing counsel. A similar motion to enforce settlement agreement is being filed concurrently in the Adversary Proceeding.

would pay to Debtor $4,250.00 as a compromise to resolve both lawsuits;

(2): Plaintiff would execute and return two copies of the Settlement Agreement and Release, which perfectly memorialized the terms of the agreement reached between Parties within ten days of receipt of the agreement (June 25, 2010);

(3): Plaintiff would agree to dismiss both the Adversary Proceeding and the District Court Litigation on or before June 30, 2010;

(4): Plaintiff would cooperate entirely with the scheduled foreclosure sale of the Subject Property scheduled for August 3, 2010 by taking no action inconsistent with the interest of MERS and OneWest to proceed with the sale, including but not limited to, filing any action against MERS or OneWest predicated on claims under the Truth-in-Lending Act ("TILA) or the FDCPA;

(5): Plaintiff would cooperate entirely with any eviction proceedings occurring after the scheduled foreclosure sale relating to the Subject Property, including but not limited to taking no action inconsistent with the interest of MERS and OneWest to proceed with the eviction; and

(6): Plaintiff agrees to vacate the Subject Property and leave the Subject Property in a broom-swept manner after the August 3, 2010 foreclosure sale.

The foreclosure of the Subject Property by Defendants commenced on August 3, 2010 pursuant to the terms of the settlement agreement. Plaintiff's failure to not only execute the Settlement Agreement and Release, but to vacate the Subject Property and leave the property in a broom-swept manner after the August 3, 2010 foreclosure sale pursuant to the agreement demonstrates her failure to honor the terms of the agreement and the need for an order of this Court.

## ARGUMENT AND CITATION OF AUTHORITY

### I. The Parties Entered into an Enforceable Settlement Agreement

A federal court has the jurisdiction to enforce a settlement agreement before it and relating to the pending litigation. "[A] district court has jurisdiction to enforce a settlement agreement, at least when a party refuses to comply with the agreement before the case has been dismissed." Kent v. Baker, 815 F.2d 1395, 1398 (11th Cir. 1987). "A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." Massachusetts Cas. Ins. Co. v. Forman, 469 F.2d 259 (5th Cir. 1972). [2] "Settlement agreements are highly favored in the law and will be upheld whenever possible . . . ." Id. (internal citation omitted.)

The enforceability and construction of a settlement agreement in federal court is determined in this matter by looking at state law governing contracts. "The construction of settlement contracts is governed by the state law applicable to contracts in general." In re Hopson, 216 B.R. 297, 301 (Bankr. N.D. Ga. 1997) (citing Blum v. Morgan Guar. Trust Co., 709 F.2d 1463, 1467 (11th Cir.1983). "Georgia law governs both whether there was a settlement agreement and the construction of any alleged settlement agreement." Id. (citing Ford v. Citizens and S. Nat'l Bank, 928 F.2d 1118, 1120 (11th Cir.1991)). "The courts in Georgia recognize that 'a legally effective compromise of a dispute is binding on the parties, that the law favors compromises, and that a promise made in extinguishment of a doubtful claim is sufficient to support a valid contract.'" Id. (citing to Dover Realty, Inc. v. Butts County Board of Tax Assessors, 202 Ga. App. 787, 787-88, 415 S.E.2d 666, 667 (1992)).

Parties entered into this agreement willfully and the terms of the agreement could not

[2] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc), the 11th Circuit adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

have been more clear. Ms. Nicholson's later change of mind, to the extent there has been one, does not change the enforceability of the previous agreement as Plaintiff's counsel in both cases was her counsel of record and further had the apparent authority to enter into the settlement on behalf of the Plaintiff - thus binding the Plaintiff herself. Glazer v. J.C. Bradford and Co., 616 F.2d 167, 168 (5th Cir.1980) ("An attorney of record is the client's agent in pursuing a cause of action and under Georgia law "'[a]n act of an agent within the scope of his apparent authority binds the principal.'(internal citation omitted)"); Hayes v. National Service Industries, 196 F.3d 1252, 1254 (11th Cir. 1999) ("The client is therefore 'bound by his attorney's agreement to settle a lawsuit, even though the attorney may not have had express authority to settle, if the opposing party was unaware of any limitation on the attorney's apparent authority'(internal citation omitted)").

The agreement between Parties is binding as the agreement was full and complete and was sufficiently memorialized. "[F]or such an agreement to be binding on the parties, the settlement agreement must be definite, certain and unambiguous. It should be full and complete and understood by all litigants concerned." Id. (citing Cross v. Cook, 147 Ga .App. 695, 696 (1978)). If the existence or terms of a settlement agreement are disputed, then the agreement must be in writing. See O.C.G.A. § 15-19-5; Brumbelow v. Northern Propane Gas Co., 251 Ga. 674, 676 (1983); Imerys Clays, Inc. v. Washington County Bd. of Tax Assessors, 652 S.E.2d 580, 581-82 (2007). In the absence of a formal writing signed by the parties, "letters or documents prepared by attorneys which memorialize the terms of the agreement will suffice." Brumbelow, 251 Ga. at 676.

With respect to the case at bar, the terms and conditions of the agreement between Parties are embodied in the Settlement Agreement and Release, previously attached as Exhibit "A" to

this Motion and electronic correspondences between the counsel for both Parties describing and agreeing to the terms of the settlement, attached hereto as Exhibit "B". Further, these documents are: (1) internally and entirely consistent with one another, (2) clearly spell out the terms of the agreement and compromise, (3) delineate the responsibilities and obligations of both parties, (4) and lay out the consideration provided for by each party as described and articulated. See O.C.G.A. § 13-3-40(a); Jackson v. Easters, 190 Ga. App. 713, 714 (1989). Practically, there is nothing more that Defendants could have done to ensure that Plaintiff would have effectuated and honored the agreement that she agreed to on June 15, 2010. See Exhibit "B".

The Settlement Agreement and Release, as attached, should be enforced by this Court. The use of proposed agreements to reflect the memorialized terms of a settlement agreement is commonly used when it is undisputed that no writing was previously made. Imerys Clays, 652 S.E.2d at 581-82 (2007). Case law holds that if the opposite party has relied to his detriment on the agreement, "the absence of a writing will not render the agreement unenforceable." Hopson, 216 B.R. at 301 (citing Brumbelow, 251 Ga. at 676). Further, it is clear that the agreement between the parties was understood to be full and complete as shown by correspondences made and transmitted between counsels with apparent authority to enter into the agreement. Thus, the parties have entered into a valid settlement agreement.

## CONCLUSION

Plaintiff Nicholson has failed and refused to execute a Settlement Agreement memorializing a valid agreement between the Parties. Electronic correspondences between Parties and the content of the Settlement Agreement and Release establish the existence and validity of an enforceable settlement. Therefore, an order enforcing the Settlement Agreement is richly deserved.

WHEREFORE, Defendants pray that the Court APPROVE the terms of the Settlement Agreement, GRANT the Motion to Enforce the Settlement Agreement; ORDER Parties to comply with the terms of the June 15, 2010 agreement as reflected in the Settlement Agreement and Release; ORDER Plaintiff to dismiss both the Adversary Proceeding and the District Court Litigation *instanter*; ORDER that Plaintiff immediately vacate the Subject Property, leaving it in a broom-swept condition; and GRANT such other and further relief to which it is justly entitled.

This 9th day of August, 2010.

McCURDY & CANDLER, L.L.C.

BY: /s/ John D. Andrle
John D. Andrle
GA. State Bar No. 488330

McCurdy & Candler, L.L.C.
3525 Piedmont Rd. NE, Building 6
Suite 700
Atlanta, GA 30305
(404) 373-1612 Telephone
(404) 370-7237 Facsimile
jandrle@mccurdycandler.com

## SETTLEMENT AGREEMENT AND RELEASE

1. <u>Introduction</u>. This Settlement and Release (the "Agreement") is made effective this _____ day of _____, 2010, by and between Plaintiff Barbara Nicholson ("Claimant") and OneWest Bank a/k/a OneWest Bank, F.S.B., including its predecessors and successors and assigns, including but not limited to Indymac Federal Bank, F.S.B. and Indymac Bank, F.S.B. (and collectively identified as "OWB") and Mortgage Electronic Registration Systems, Inc. ("MERS"). This document contains the compromise between Claimant and OWB and MERS, resolving their disagreement.

2. <u>Background</u>. Claimant and OWB are parties to a residential property loan (the "Mortgage Account") secured by the residence at 1879 Tobey Road, Atlanta, GA 30341 (the "Subject Property").

On November 2, 2009, the Claimant filed for Chapter 13 bankruptcy protection in the U.S. Bankruptcy Court for the Northern District of Georgia under Bankruptcy Petition and case no. 09-89061-mhm. On or about December 15, 2009, Claimant filed a Complaint in U.S. Bankruptcy Court for the Northern District of Georgia seeking redress against OWB and MERS under case no. 09-06751-mhm (the "Adversary Proceeding"). In the complaint, Plaintiff alleges numerous claims against OWB and MERS under, *inter alia*, the Truth-in-Lending Act, 15 U.S.C. section 1635 et seq. ("TILA") and the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq. (the "FDCPA"). OWB has denied Claimant's claims and the Adversary Proceeding is pending.

On January 28, 2010, the certain Order Granting Relief from Stay (Doc. No. 22) was entered by the Court in Claimant's bankruptcy case, 09-89061-mhm allowing OWB to exercise its state law rights with respect to the Subject Property, including but not limited to proceeding to obtain possession of and foreclose the Subject Property.

On or about March 19, 2010, Claimant filed its Complaint with Jury Demand and Motion for Temporary Restraining Order in U.S. District Court for the Northern District of Georgia seeking redress against OWB under case no. 1:10-cv-00795-JEC-AJB (the "District Court Litigation"). In the complaint (the "Complaint"), Plaintiff alleges numerous claims against OWB under, *inter alia*, the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq. (the "FDCPA"). The complaint was amended on April 13, 2010 (hereafter, the "Amended Complaint"). The Motion for Temporary Restraining Order was denied. OWB has denied Claimant's claims in the Complaint and the Amended Complaint and the District Court Litigation is pending.

3. <u>Resolution</u>. Now, to resolve this disagreement:

A.   Claimant agrees to take the following actions:

   (i)   No later than ten (10) days from receipt, execute and return two copies of this Settlement Agreement to OWB and MERS through



its counsel, John D. Andrle, Esq. at McCurdy & Candler, by mail at 3525 Piedmont Rd. NE, Building 6, Suite 700, Atlanta, GA 30305; and

(ii) Voluntarily dismiss the Adversary Proceeding (including any amendments thereto) with prejudice as to OWB and MERS (or consent to a Stipulation of Dismissal With Prejudice) on or before June 30, 2010, and provide a copy of the signed dismissal order to OWB through its counsel at the address in Paragraph 3.A(i).

(iii) Voluntarily dismiss the District Court Litigation (including any amendments thereto) with prejudice as to OWB (or consent to a Stipulation of Dismissal With Prejudice) on or before June 30, 2010, and provide a copy of the signed dismissal order to OWB through its counsel at the address in Paragraph 3.A(i).

(iv) Cooperate entirely with the scheduled foreclosure sale of the Subject Property currently scheduled for August 3, 2010 by taking no action inconsistent with the interest of MERS and OWB to proceed with the sale, including but not limited to, filing any action against OWB or MERS predicated on claims under TILA or the FDCPA.

(v) Cooperate entirely with any eviction proceedings occurring after the scheduled foreclosure sale relating to the Subject Property, including but not limited to taking no action inconsistent with the interest of MERS and OWB to proceed with the eviction.

(vi) Claimant agrees to vacate the Subject Property and leave the Subject Property in a broom-swept manner after the August 3, 2010 (or after the date that the Subject Property is knocked off at the relevant foreclosure sale).

B. No later than fifteen (15) business days after Claimant completes all of their agreed upon actions as set forth in Subparagraphs 3A(i) through (iii) above, OWB and MERS agree to:

(i) As soon as practicable following the execution of this Agreement, and as consideration for the execution of this Agreement and the releases herein contained, OWB and MERS shall pay to Claimant the amount of $4,250.00.

4. <u>Acknowledgement of Complete Settlement</u>. Claimant acknowledges that OWB's and MER's actions shall constitute a full and complete settlement of all claims released pursuant to this Agreement.

5. <u>Release of Claims</u>. Claimant releases and discharges OWB and MERS and their respective current and former predecessors, successors, parents, affiliates, subsidiaries, and all of the aforementioneds' respective agents, employees, officers, directors, shareholders, attorneys, collection agencies, credit reporting agencies and vendors (all of the foregoing being referred to collectively herein as the "Releasees") from all claims of any kind (including any claims for damages, interest, fees and/or attorney's fees) that they may have with respect to the Complaint, the Mortgage Account, or any other matters between Claimant and Releasees, including without limitation, all claims that were asserted or could have been asserted in the Complaint <u>including any claims, potential or hypothetical or otherwise relating to any scheduled foreclosures or evictions relating to the Subject Property and/or the Claimant</u>. Claimant specifically agrees to not contest the scheduled foreclosure sale of the Subject Property currently set for August 3, 2010. Claimant further agrees that she will not file any claims, complaints, affidavits, arbitrations and/or proceedings with any court, arbitration forum, regulatory or administrative agency ("Proceedings") with respect to the matters released in this Agreement against any of the aforementioned, and any such Proceedings filed prior to the execution of this Agreement shall promptly be dismissed or withdrawn. This Agreement is intended to resolve forever the entire disagreement between Claimant and Releasees, all of which are intended as beneficiaries of this release and entitled to enforce it.

6. <u>Denial of Liability</u>. OWB and MERS do not admit any liability to Claimant by signing this Agreement.

7. <u>Complete Agreement</u>. This Agreement is the complete agreement between Claimant and OWB and MERS concerning their disagreement. Claimant and OWB and MERS have made no other written or oral agreements related to their disagreement.

8. <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts, either in original form or in the form of facsimile copies, all of which taken together shall collectively constitute one agreement binding on all parties.

9. <u>Understanding of Agreement</u>. Claimant states that he has read, understood and agreed to the terms of this Agreement, and has discussed it with his attorney.

[signatures on next page]

```
```
_____
Barbara Nicholson

OWB Federal Bank, FSB

By: _____

Name: _____

Title: _____

Mortgage Electronic Registration Systems, Inc.

By: _____

Name: _____

Title: _____

**John Andrle**

**From:** Ralph Goldberg [attorneygoldberg@hotmail.com]
**Sent:** Tuesday, June 15, 2010 8:06 AM
**To:** John Andrle
**Subject:** RE: Nicholson - settlement offer

i aacept. you draw the release. rsg

Ralph Goldberg
Goldberg & Cuvillier, PC
755 Commerce Drive
Suite 600
Decatur, GA 30030
Office 404-378-7700
Fax 404-378-7708

Confidentiality Notice: The material in this transmission is intended only for the use of the individual to whom it is addressed and may contain information that is confidential. If you have received this transmission in error, please immediately notify us by return e-mail (attorneygoldberg@hotmail.com) or telephone (404-378-7700). Thank you.

Subject: Nicholson - settlement offer
Date: Mon, 14 Jun 2010 10:16:34 -0400
From: jandrle@mccurdycandler.com
To: attorneygoldberg@hotmail.com
CC: hmccarley@mccurdycandler.com

Ralph:
I am writing with OWB's settlement offer for the two pending lawsuits involving your client. The first lawsuit is Nicholson v. OneWest Bank, 10-cv-00795-JEC-AJB and the second lawsuit is Nicholson v. OneWest Bank, FSB, 09-06751-mhm. My client would extend $4,250.00 to compromise and settle both lawsuits on the following conditions:
(1): A hold harmless/settlement agreement drafted by OneWest that includes a release of all claims that have been asserted or could have been asserted relating to any and all past foreclosure and foreclosure attempts and the current foreclosure that is scheduled for August 3, 2010 (the lengthy extension of the foreclosure being a concession of OWB for purposes of this settlement).
(2): The release will also need to specifically state that the borrower Nicholson will not contest the foreclosure in way, including but not limited to raising related claims such as TILA, RESPA or FDCPA claims. The settlement will also need to state that borrower Nicholson will not contest any eviction actions that may result from the foreclosure.
(3): The borrower's signature will be required on the settlement.
Please let me know your thoughts. I need to let my client know by Wed.

Thanks

Exhibit B

8/6/2010

**\*\*We are moving! Effective May 17, 2010, our new address will be 3525 Piedmont Rd. NE, Building 6, Suite 700, Atlanta, GA 30305. Our phone numbers and email addresses will remain the same\*\***

John D. Andrle, Esq.
3525 Piedmont Rd., NE
Suite 700
Atlanta, GA 30305
(404) 214-9254 Direct Line
(678) 891-4846 Direct Fax
www.McCurdyCandler.com

The information contained in this message may contain privileged and confidential information. This message is intended only for the use of the person(s) named above. If you are not the intended recipient, you are notified that any review, dissemination, distribution or duplication of this communication is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This communication may contain privileged and/or confidential information. It is intended solely for the use of the addressee.
If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing or using any of
this information. If you receive this communication in error, please contact the sender immediately and destroy the material
in its entirety, whether electronic or hard copy. This communication may contain nonpublic personal information about
consumers subject to the restrictions of the Gramm-Leach-Bliley Act. You may not directly or indirectly reuse or re-disclose
such information for any purpose other than to provide the services for which you are receiving the information. Please note
that any views or opinions presented in this email are solely those of the sender and do not necessarily represent those of
McCurdy & Candler, LLC. Finally, message transmission is not guaranteed to be secure or free of software virus. While McCurdy
& Candler, LLC, takes every reasonable precaution to minimize such risks, the firm cannot accept liability for any damage
sustained by the recipient or any third party as a result of software viruses.

McCurdy & Candler, LLC, strives to provide exemplary service. Please feel free to contact us at feedback@mccurdycandler.com
with any comments you may have.

The law firm of McCurdy & Candler, LLC, and the attorneys whom it employs are debt collectors who are attempting to collect
a debt. Any information obtained by them will be used for that purpose.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The New Busy think 9 to 5 is a cute idea. Combine multiple calendars with Hotmail. Get busy.

8/6/2010

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARBARA ANN NICHOLSON, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 1:10-CV-0795-JEC-AJB |
| ONE WEST BANK, FSB, | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, John D. Andrle, of McCurdy & Candler, L.L.C., 250 East Ponce De Leon Avenue, Suite 600, Decatur, Georgia 30031, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age;

That on the 9th day of August, 2010, I served a copy of the MOTION TO ENFORCE SETTLEMENT AGREEMENT to be filed in this matter by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties at:

Ralph Goldberg
Goldberg & Cuvillier, P.C.
Suite 600
755 Commerce Drive
Decatur, GA 30030

Barbara Nicholson, through counsel -Ralph Goldberg
Goldberg & Cuvillier, P.C.
Suite 600
755 Commerce Drive
Decatur, GA 30030

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on 8/9/2010

By: /s/John D. Andrle
John D. Andrle